EASTBURN HASTINGS AND MARIA LOUISA HASTINGS, AS SURVIVING TRUSTEES, ETC., OF GEORGE HASTINGS, DECEASED, PLAINTIFFS, *v.* WESTCHESTER FIRE INSURANCE COMPANY, DEFENDANT.*

*Policy of insurance — agreement to pay loss to mortgagee — condition for contribution — effect of, on rights of mortgagee.*

The ninth condition of a policy of insurance of $10,000 issued by the defendant to the owner of a house and lot, provided that "in case of any other insurance upon the property hereby insured * * * the *assured* shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon." Subsequently the defendants, at the request of the plaintiffs, who held an over-due mortgage for $14,000 upon the premises insured, wrote upon the policy: "Loss, if any, payable to * * * (the plaintiffs) trustees and mortgagees," and annexed a stipulation by which it was agreed "that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured; * * * that whenever the company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, said company shall at once be legally subrogated to all the rights of the mortgagee * * * to the extent of such payment." After the building had been destroyed by fire, it was discovered that the mortgagor had another insurance of $4,000 upon the premises payable to herself, of which the defendants were ignorant. In an action by the plaintiffs upon the policy the company claimed that they were only liable for ten-fourteenths of the loss.

*Held,* that the two policies covered separate and distinct interests, that of the owner and that of the mortgagee, and that it was not a case of double insurance; that the term "assured," as used in the policy, only applied to the owner

* Decided July term, 1877.

of the property, and not to the interest of the plaintiffs as mortgagees; that the terms of the conditional agreement made with the plaintiffs were directly repugnant to any interpretation which would bring them within the aforesaid ninth condition; that the plaintiffs were entitled to recover the full amount of the loss sustained. (DYKMAN, J., dissenting.)

CONTROVERSY submitted without process, in pursuance of sections 1279, 1280 and 1281 of the Code of Civil Procedure.

The plaintiffs were, on May 8, 1875, the owners of a bond and mortgage for $14,000, then past due. On that day the defendants issued to one Sarah C. Stout a policy of insurance upon the mortgaged premises for $10,000, "other insurance permitted." The ninth condition of the policy was as follows:

"In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether such other insurance be by specific or by general or by floating policies."

On September 1, 1876, with the consent of said Sarah C. Stout, and at the request of the plaintiffs, the defendant indorsed upon said policy the following words:

"Loss, if any, payable to Maria L. and Eastburn Hastings, trustees and mortgagees," and at the same time annexed to said policy the following clause known as the mortgage clause:

"It is hereby specially agreed that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy.

"It is also provided and agreed that the mortgagee shall notify the company of any change of ownership or increase of hazard, not permitted by this policy to the mortgagor or owner, as soon as the same shall come to his or her knowledge; and shall, on reasonable demand, pay the additional charge for the same, according to the established scale of rates, for the time such increased hazard may be or shall have been assumed by this company during the continuance of this insurance."

"And it is further agreed that whenever the company shall pay

the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, said company shall at once be legally subrogated to all the rights of the mortgagee under all the securities held as collateral to the mortgage debt to the extent of such payment, but such subrogation shall not impair the right of the mortgagee to recover the full amount of his claim, or at its option said company may pay to the mortgagee the whole principal due or to grow due on the mortgage with the interest then accrued, and shall, thereupon, receive a full assignment and transfer of the mortgage and all other securities held as collateral to the mortgage debt.

"GEO. R. CRAWFORD,"

"*Secretary.*"

Thereafter defendant delivered said policy to the plaintiffs, who have since been and now are, the holders and owners of said policy.

After a loss had occurred it appeared that the owner had, without the knowledge or consent of the defendant, procured another policy of insurance upon the building for $4,000, payable to herself. The defendants insisted that they were only liable for ten-fourteenths of the loss.

*L. H. Rowan,* for the plaintiffs.

*C. Frost,* for the defendant.

GILBERT, J.:

We have little hesitation in determining the intention of the parties in making the contract between them. The plaintiffs sought, and the defendants intended to give them, an effective indemnity against the whole amount of the loss. The plaintiffs cannot be propely dealt with as assignees of Mrs. Stout the assured, merely. Such relation is incompatible with the facts of the transaction. The policy was issued to Mrs. Stout in May, 1875. The plaintiffs then held a mortgage on the premises insured for $14,000, which had been due for more than three years. On the first of September, 1876, the defendants, at the request of the plaintiffs, and with the consent of Mrs. Stout, wrote upon the policy these words: "Loss, if any, payable to Maria L. and East-

burn Hastings (the plaintiffs), trustees and mortgagees," and at the same time annexed to said policy, a printed stipulation, known as the "mortgage clause," in the following words : "It is hereby specially agreed, that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. It is also provided and agreed that the mortgagee shall notify the company of any change of ownership and increase of hazard not permitted by this policy to the mortgagor or owner, as soon as the same shall come to his or her knowledge, and shall, on reasonable demand, pay the additional charge for the same, according to the established scale of rates, for the time such increased hazard may be or shall have been assumed by this company, during the continuance of this insurance — and it is further agreed, that whenever the company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, said company shall at once be legally subrogated to all the rights of the mortgagee under all the securities held as collateral to the mortgage debt, to the extent of such payment, but such subrogation shall not impair the right of the mortgagee to recover the full amount of his claim, or at its option said company may pay to the mortgagee the whole principal due or to grow due on the mortgage, with the interest then accrued, and shall thereupon receive a full assignment and transfer of the mortgage and all other securities, held as collateral to the mortgage debt." The policy when thus altered was delivered to the plaintiffs.

The legal effect of the "mortgage clause," we think, clearly is to protect the plaintiffs against the application to them of the ninth condition in the policy, which provides that, in case of any other insurance upon the *property* insured, the assured shall be entitled to recover only a ratable proportion of the aggregate insurance. The defendant insured Mrs. Stout as owner, and the plaintiffs as mortgagees. This insurance embraces distinct and separate contracts. (*Springfield, etc., Ins. Co.* v. *Allen*, 43 N. Y., 392 ; *Excelsior Ins. Co.* v. *Royal Ins. Co.*, 55 id., 343.)

The ninth condition of the policy is a limitation of the liability

of the defendants to the *assured*, in case of another insurance. That term "assured," until the contract with the plaintiffs was made, designated Mrs. Stout only. Confining the term to the ninth condition, it cannot, we think, be reasonably held to include the plaintiffs, or to affect the contract made with them. Such condition, when applied only to Mrs. Stout, is just and equitable, because she is entitled to the benefit of both insurances — that of the defendant indirectly and of the other one directly ; whereas an application of it to the plaintiffs would operate most unjustly, for the reason that their indemnity depends solely upon their contract with the defend-ant. The framer of that condition, no doubt, had in mind merely the case of a double insurance, and in such a case to substitute propor-tional abatement for contribution. Here the interests insured are distinct and different. The interest of Mrs. Stout is that of an owner of the property — of the plaintiffs, that of holders of a lien, by way of mortgage thereon. The subsequent insurance effected by Mrs. Stout was of her interest only, and did not cover the interest of the plaintiffs. But to make the condition applicable to any particular case, not only must the property that is the subject of the insurance be the same, but the interests must be identical. (*Howard Ins. Co.* v. *Scribner*, 5 Hill, 298.) A doubt of this decision on one point is expressed in 1 Phillips on Insurance (3d ed.), 208, but the same author declares that there is no doubt of the general doctrine, that when each of two parties, having distinct interests in a subject to its full value, insures upon it to its full value, independently of the other, it is not a case of double insur-ance. (Id., 209.) And in a recent case in England a construction was given to a condition in a policy, similar to the condition under consideration, where insurances had been obtained upon different interests in the same property. The master of the rolls said : " The word ' property,' as used in several of the conditions, means not the actual chattel but the interest of the assured therein. What is the meaning of the words ' covering the same property ' in the ninth condition ? They cannot mean the actual chattel. The most absurd consequences would follow, if you read those words in that sense. I am satisfied that this condition was put in to apply to cases where it is the same property that is the subject-matter of the insurance and the interests are the same. It never could have been

meant to apply, for example, to the cases of a tenant for life and remainder-man, or a first mortgagee and a second mortgagee, both insuring the same goods. You must read the condition in a sensible way, and not assume that these great companies intended to entrap their policyholders, and to destroy the value of the contract of indemnity." The same construction was adopted by the appellate court, and we unhesitatingly concur therein. (*North British and Merc. Ins. Co.* v. *London, Liv. and Globe Ins. Co.*, L. R., 5 Ch., 569.) Moreover, the insertion of the provision in the "mortgage clause," for the subrogation of the defendant to the rights of the plaintiffs, in case of a payment to them of any sum in excess of its liability to Mrs. Stout, is a very palpable indication of the intention of the parties that the ninth condition of the policy should not be applicable to the plaintiffs, but that the defendant should rely for protection, against such an act as that of Mrs. Stout in procuring another insurance, upon such subrogation, for it cannot be supposed that the parties intended by that provision to furnish a protection to the defendant against loss, by reason of a payment to the plaintiffs, for which it was not liable. Such a provision, therefore, is a recognition of a contingency whereby a liability to the plaintiffs upon the contract with them might arise exceeding that upon the policy to Mrs. Stout. The reservation of the right of subrogation is general. It is applicable alike to every case when, for any cause, a payment has been made to the plaintiffs in discharge of the defendant's liability to them, and such payment exceeds the liability of the defendant to Mrs. Stout. Such right of subrogation, therefore, will belong to the defendant in the present case whenever it shall have discharged its liability to the plaintiff, and inasmuch as that right would not exist if the plaintiffs were affected by the ninth condition, the operation of that condition must necessarily be restricted to Mrs. Stout alone. Furthermore, we think the language of the "mortgage clause" is directly repugnant to an interpretation which would bring the plaintiffs within said ninth condition. By the "mortgage clause" it was "specially agreed that this insurance, as to the interest of the mortgagees therein, should not be invalidated by any act of the mortgagor or owner of the property insured." The procuring of another insurance was the sole act of Mrs. Stout, the mortgagor and owner. To

subject the plaintiffs to an abatement of the amount of their indemnity, in consequence of that act, would invalidate the insurance as to their interest *pro tanto*. That clearly would be in direct contravention of the " mortgage clause."

By the very words of the policy, the plaintiffs became entitled to be paid at the end of sixty days after due notice and proof of the loss.

The plaintiffs must have judgment for the whole amount of the loss, with interest from January 14, 1877.

BARNARD, P. J., concurred.

DYKMAN, J. (dissenting).

The plaintiffs in this action held a bond and mortgage made by Sarah C. Stout and her husband for $14,000, and upon the buildings on the premises covered thereby she procured a policy of insurance against fire from the defendant for $10,000. In this, with her assent, and at the request of the plaintiffs, the defendant inserted the following clause : " Loss, if any, payable to Maria L. and Eastburn Hastings, trustees and mortgagees." The policy also contains these clauses : " Other insurance permitted," and " It is hereby specially agreed that this insurance as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy.

The policy also contained the following condition : " In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained, than the sum hereby insured bears to the whole amount insured thereon, whether such other insurance be by specific or by general or by floating policies." This policy was delivered to the plaintiffs, but before this, Sarah C. Stout had obtained another policy of insurance against fire upon the same buildings for $4,000, from the Lycoming Insurance Company. The buildings have been destroyed by fire, and the loss has been adjusted at $9,832,52, of which the Lycoming Company has paid to the assured four-

fourteenths, and the defendant has tendered to the plaintiffs and offered to pay them ten-fourteenths of the same, which they have refused.

There has been no litigation, but the case is agreed upon and submitted to the General Term for decision, and the points in dispute, to be decided, are as follows :

First. The whole loss having been adjusted at $9,832.52, is the defendant bound to pay the plaintiffs, as principal, the whole amount of the loss as so adjusted or only ten-fourteenths of it ?·

Second. Is the defendant to pay interest on the amount due the plaintiffs, after sixty days from the proof of loss furnished, or sixty days from the time of the adjustment ?

In relation to the first question the condition in the policy is plain and explicit, that in case of other insurance the assured shall recover of the defendant only the proportion of the loss which the sum insured bears to the whole amount of insurance, and if this were the only provision bearing on the subject, all would be plain, but embarrassment arises from the provision in the mortgage clause, that the interest of the mortgagee shall not be invalidated by any act or neglect of the owner of the property.

This clause was invented and introduced to avoid the effect of the decision of the Court of Appeals, in the case of *Grosvenor* v. *The Atlantic Fire Insurance Company* (17 N. Y., 391), where it was held, that the mortgagee could not recover upon a policy similar to this, where there had been a breach of the conditions of the policy by the mortgagor, and hence the words used are that the interest of the mortgagee shall not be invalidated by any act or neglect of the owner. That was all the office that clause was expected to perform, and it never was intended by its inventors to have any influence at all upon the question of contribution to a loss by different companies, and it would be a very strained construction to give the language used any such signification. On the contrary, it ought not to have any influence at all upon the condition in the policy, which provides for contribution, and in this case that clause should have its full force. Both contracts of insurance were with the mortgagor, and it was his interest that was insured by both. In the one case, if he sustain any loss, it is payable to the plaintiffs, and in the other, it is payable to himself, but in both cases the loss is his.

His buildings are destroyed or damaged, and he incurs the loss, but the amount to be paid for such loss by the defendant has been in legal effect assigned to the plaintiffs, and hence they must receive it as the appointees or assignees of the mortgagor, instead of him. Now as they can only take the amount, which but for the assignment, would go to him, how can they get more than he would get in that case?

If the assignment of the policy had not been made to the plaintiffs, there would be no contention that the assured could recover of both companies any more than the amount of his loss, and as the plaintiffs can only get what they would have received under the defendant's policy, it seems to follow that the defendant can only be called upon for its proportion of the loss.

The reason of this theory is certainly in favor of this position, and the principle contended for by the plaintiffs would be at war with all the rules governing the contract of insurance, which is one of indemnity only. If the plaintiffs can now recover the full amount of the policy assigned to them, then the assured will be benefited beyond his loss, and if there had been two mortgages for $10,000 each on his property, and he had procured two policies of insurance for $10,000 each, loss, if any, payable to the respective mortgagees and delivered them, and then taken the $4,000 policy for himself, as he did, the full amount of the two policies so assigned would both have been collected on the same principle, and the assured would then have received a benefit in more than double the amount of her actual loss.

This contract of insurance, being only for indemnity, should receive no such construction. It would be out of harmony with all settled action, and against good sense and right reason. Although no act or neglect of the owner can invalidate the interest of the mortgagee, yet the owner must sustain a loss or damage by fire before the mortgagee can recover, and certainly the recovery must be graduated by the amount of his loss, and must be controlled by the same considerations which would prevail if the action was in the name of the assured, except that it cannot be defeated by any act or neglect of his. This is the only limitation. In all other respects the mortgagee must recover, as the assured would have recovered if the action had been in his name.

Upon the question of interest, the governing provision in the policy is that the amount of loss or damage must be estimated according to the actual cash value of the property at the time of the loss, and be paid sixty days after due notice and proof of the same are received at the office of the company. The amount of the loss is thus made payable in sixty days after the proofs of loss are furnished, and it follows if the same be not then paid, it must draw interest from that time.

Judgment for plaintiffs upon submitted facts, for whole amount of loss and for interest from January 14, 1877.